Personally served
6/28/10

JUDGE TODD W. BJERKE
Circuit Court Branch 3

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**      LA CROSSE CO.
                                                                         FILED

**TRAVIS KRANZ,**

        Plaintiff,

-vs-                                                    **SUMMONS**      MAY 13 2010

                                                                         PAMELA RADTKE
                                                                         CLERK OF COURTS

**CITY OF LA CROSSE,** a municipal entity;      Case No: 10 CV 480
**CITY OF LA CROSSE POLICE**
**DEPARTMENT,** a municipal agency;      Case Code: 30107 – Other Personal Injury
**TERI RODEN,** an individual;
        Defendants.      Amount claimed is greater is than $5,000.

THE STATE OF WISCONSIN

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is La Crosse County Clerk of Court, La Crosse County Courthouse, 333 Vine Street, La Crosse, WI 54601 and to Chris Doerfler, plaintiff's attorney, whose address is, Chris Doerfler, Esq., The Doerfler Law Firm, LLC, 1634 Cass Street, La Crosse, WI 5460.

You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

        DATED this 13 day of May, 2010.

                            THE DOERFLER LAW FIRM, L.L.C.
                            Attorneys for the Plaintiff

                            By: _____
                               Christopher A. Doerfler
                               State Bar No. 1023515
                               1634 Cass St.
                               La Crosse, WI 54601
                               (608) 519-0459
                               (866) 884-5795 facsimile

C: Pete Kisken 6/28/10

JUDGE TODD W. BJERKE
Circuit Court Branch 3

**STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY**

TRAVIS KRANZ,
             Plaintiff,

-vs-

CITY OF LA CROSSE, a municipal entity;
CITY OF LA CROSSE POLICE
DEPARTMENT, a municipal agency;
TERI RODEN, an individual;

             Defendants.

Case No: 10 CV 480
Case Code: **30107** – Other Personal Injury

Amount claimed is greater is than $5,000.

LA CROSSE CO.
FILED

MAY 13 2010

PAMELA RADTKE
CLERK OF COURTS

## COMPLAINT

Plaintiff, by his attorney, Chris Doerfler, alleges as follows:

### PARTIES

1.   Plaintiff Travis Kranz (here and after "Plaintiff") is an adult resident of the State of Wisconsin, currently residing at 40 E 9th St. Ste. 1108, Chicago, IL 60505.

2.   Defendant, City of La Crosse, is a municipal entity within the State of Wisconsin.

3.   Defendant City of La Crosse Police Department is a City of La Crosse organization which, among other activities, operates a police department in the City and County of La Crosse.

4.   Defendant Teri Roden is or was at all relevant times a police officer employed by defendant's City of La Crosse and City of La Crosse Police Department.

### JURISDICTIONAL REQUIREMENTS

5.   Plaintiff hereby restates and incorporates by reference all of the allegations contained in paragraphs one (1) through four (4) above.

6.   This is a civil action seeking damages against plaintiff for committing acts under color of law which deprived plaintiff of rights secured under the Constitution and laws of the United States.

7.   Plaintiff timely filed a Notice of Claim with written notice of the circumstances giving rise to the claims within one hundred twenty (120) days of the events at issue (described in this complaint, below), pursuant to §893.80, Wisconsin Statutes.

8.   Plaintiff's Notice of Claim was duly served on the appropriate municipal entities on July 17,

2009.

9.     Defendants did not serve a Notice of Disallowance of Claim, pursuant to §893.80(1)(g) Wisconsin Statutes, and as a result, the claim was disallowed on September 15, 2009.

10.    Regardless of whether specifically alleged, all counts are alleged against all defendants, and all conduct by Defendant Roden is alleged to be equally the responsibility of the other defendants by operation of *respondeat superior*, unless otherwise prohibited by law.

## FACTS

11.    Plaintiff hereby restates and incorporates by reference each of the allegations listed and contained above.

12.    On March 20, 2009, plaintiff went out to Brother's Bar with some friends. Plaintiff was a college student at the University of Wisconsin-La Crosse at the time, in good standing, with excellent grades. He was an economics major with intending to pursue a law degree after college.

13.    Plaintiff is a good-looking young man and a body builder. When he goes out, he attracts more than a fair share of female attention. This night, he attracted the attention of Margaret Flemming, a woman in her mid-thirties.

14.    Ms. Flemming was at the bar with a date, Michael Van de Walker. Nonetheless, she flirted with plaintiff and eventually asked him to dance.

15.    Flemming asked plaintiff to dance several times before he finally agreed to dance with her. They danced together for less than sixty (60) seconds, after which the two parted company, neither in any evident emotional or physical distress.

16.    Also on this evening, Ms. Flemming asked plaintiff several times for his phone number (he decelined) and told him that she wanted to go home with him.

17.    A few minutes after they danced together, a very brief fight broke out between plaintiff and Mr. Van de Walker. The bouncers grabbed plaintiff and ejected him from the bar. The police were called.

18.    Officer Teri Roden and Officer Prock responded to the scene.

19.    The bar manager, Loren Meier, told Officer Roden that he had been keeping an eye on plaintiff because he had known plaintiff to get in a fight once before.

20.    Michael Van de Walker told police that he did not want to press charges for the fight.

21.    Ms. Flemming indicated that nothing happened to her.

22.  Despite the fact that this was clearly a minor bar fight and that everyone involved was uninjured and did not want to press charges, Officer Roden began to pressure Ms. Flemming to invent additional facts that would justify more serious charges against plaintiff.

23.  Eye witnesses saw and heard Officer Roden state to Flemming repeatedly, "Are you sure that's all that happened?  Are you sure that's all that happened?"

24.  Ms. Flemming, who was intoxicated (and mentally unstable – she was committed under Ch. 51 a week later) finally broke down into tears and confabulated a completely implausible story: that in the brief interval while she and plaintiff were dancing, plaintiff snaked his muscular, thick arm down the back of her pants, all the way down between her legs, and penetrated her vagina with his finger.

25.  Ms. Flemming was wearing dress slacks, not with an elastic waistband. She reported to police she was wearing underwear.

26.  Ms. Flemming's story is impossible.  In the brief seconds while she and plaintiff were dancing, while Ms. Flemming moved and gyrated, in the middle of a crowded dance floor. Plaintiff would have to have inserted his hand up to his elbow in the back of Ms. Flemming's pants, navigated past her underwear, and accomplished this alleged assault, all without anyone seeing it. Additionally, Ms. Flemming went on to confabulate that she was struggling to try to prevent the alleged assault, making the physical actions involved even more impossible.

27.  In addition to being objectively impossible, the bar security video demonstrates that this alleged assault did not happen, and that Flemming did not struggle, and that she was not upset at the end of the encounter with Plaintiff.

28.  Eye witnesses who were sitting only a few feet away did not observe anything resembling the alleged assault.

29.  Despite the fact that Flemming's story was utterly bizarre and impossible, and despite the fact that other witnesses reporting seeing no sexual assault, Roden arrested Plaintiff and charged him with felony sexual assault, although she did not tell him she was doing so. Instead, she slapped Plaintiff in handcuffs and asked him, "How does it feel to be arrested by a female?"

30.  Officer Roden took custody of the bar security video, but never viewed it, despite the fact that Flemming's story was utterly bizarre and impossible.

31.  Not only did Officer Roden pressure Ms. Flemming to confabulate a story, but she also falsely reported the statements by bar manager Meier, claiming in her report that, "Loren was also aware [plaintiff] has touched females inappropriately while in local taverns in the past."

32. Mr. Meier never said that to Officer Roden. All he told Officer Roden was that plaintiff had gotten into a bar fight in the past.

33. Officer Roden further makes highly inflammatory statements in her reports that, "several unknown subjects [...] approached us and stated plaintiff is well known for touching females inappropriately." This gratuitous statement is impossible to follow up on, because no names were taken, and violated general orders including but not limited to, 19.3.

34. Later interviews of individuals standing outside at the time of the incident revealed that no one observed anyone telling Officer Roden that plaintiff had a reputation for touching females inappropriately.

35. Officer Roden also disregarded the interview of witness Vlasak by Officer Prock. Vlasak indicated that plaintiff was at fault for the bar fight but that he was with plaintiff the whole night and did not see him do anything sexual to Ms. Flemming.

36. Office Roden violated her ministerial duty to accurately report the facts of her investigation and not to selectively omit and alter the facts to suit whatever agenda she was pursuing.

37. Officer Roden violated her ministerial duty to follow police procedures in the conduct of her investigation. No follow up investigation was conducted.

38. No attempt to corroborate or dispel the accusations were made, despite readily available evidence, such as the security video, a SANE exam, taking evidence from plaintiff's fingernails, or other fleeting evidence that could have demonstrated the falsity of the accusations of a mentally unstable individual.

39. Officer Roden acted in a manner that demonstrates she was motivated by a personal agenda rather than a search for the truth.

40. Plaintiff suffered humiliation, cuts and abrasions relating to his arrest. Officers marched him in hand cuffs in front of the bar and all of the individuals standing outside the bar. Plaintiff was taken to jail and thrown into a cold, solitary confinement cell with excrement and blood smeared on the wall. He was not released for several days, nor was he told why he was being held. Plaintiff had no idea that Officer Roden had charged him third degree sexual assault.

41. Meanwhile, plaintiff's name was broadcast in multiple media outlets associated with these false charges. The newspaper in his home town ran a story about it. Everyone he knows, everyone he knew, at home and at college, heard about it. He lost friends because of the accusations.

42. When plaintiff was released he was put on house arrest, constantly subject to electronic monitoring.

43. During the 6 months of electronic monitoring, plaintiff's life was completely curtailed. He

could not participate in any of the normal, healthy, productive activities of a college student. He had been a body builder before the incident but was not allowed to leave his home to do anything other than go to work or school. He lost several pounds of muscle mass since he was no longer able to continue working out. He wasn't able to do any other activities. He wasn't even able to go to the library to study.

44.  Plaintiff has been incredibly and deeply depressed, distraught, suicidal and unable to sleep due to the false charges. His eyes became sunken and he constantly looked tired.

45.  Plaintiff was unable to function in school due to the emotional distress and pain of the arrest.

46.  Plaintiffs reputation was, and has been, indelibly tarnished. Stories of him raping a girl, beating up a girl, raping a girl and beating up a guy who tried to stop him, and other rumor-based variations of the story were spread all over his home town as well as around La Crosse and the University campus. Even acquaintances all over the country heard about it.

47.  People do not look at him the same way since he was falsely accused. Girls who were friends started to act timid around him and stopped hanging out with him. Close friends with whom plaintiff regularly associated slowly separated themselves.

48.  Plaintiff had a hard time securing employment due to the publicity and notoriety surrounding the case.

49.  Plaintiff incurred approximately $2,000 in fees associate with electronic monitoring, and approximately $25,000 in legal fees associated with defending himself from false, but serious criminal accusations.

50.  Plaintiff has been overwhelmed with feelings of sadness, anger, humiliation, and depression. His entire outlook on life has changed. He used to be a happy, outgoing person. Now as soon as he feels the slightest bit of happiness he remembers the false allegations and reverts back to being depressed. He has episodes of being unable to eat and occasional suicidal ideation. He has lost his ability to trust others and the justice system. His close family is frequently worried about his wellbeing.

51.  Plaintiff knows he will never be the same again. He has become so overwhelmed with his own problems that he cannot be a good friend to others and listen to them about what sounds to him like small problems in their lives. He has turned from an optimist to a pessimist. He is unable to sleep.

52.  The charges were publicized on Wisconsin Court Access (CCAP), where they remain. Anyone looking for information about plaintiff will see that he was charged previously with second degree sexual assault. It doesn't matter that the case shows as dismissed. People will still assume the worst.

53.  The false allegations will significantly harm plaintiff's future and career.

54. Plaintiff had been a mostly A student in economics and was in his junior year at the University of Wisconsin – La Crosse when this happened. Once the charges occurred, plaintiff lost, and could not regain, his focus due to the depression and stress of the charges. He barely finished the spring semester in 2009. He had to drop out of school that summer because he could no longer afford tuition and was emotionally unable to study. He was left stuck at a dead end job that had nothing to do with either his major or his dreamed of future career as an attorney, saddled with student loans with no college degree to show for it.

55. Even if plaintiff does manage to go back and finish college and continue on to law school, the impact of these false allegations will have a significant impact on his ability to have a fulfilling career in the law.

56. Future law firms will hesitate to hire someone who has charges of second degree sexual assault on CCAP, even if those charges were dismissed. Of course, no law firm would ever say that was why plaintiff was not hired, but in a pool of a dozen qualified applicants, that kind of information is going to work to cost him jobs and continue to tarnish his reputation.

57. Even if the information were removed from CCAP, it would still turn up on a background check, and employers are still going to shy away from Plaintiff as an applicant.

58. Ever time plaintiff has to pass a character and fitness evaluation, he will have to dredge up every intimate detail of this entire incident and explain it to the Bar Examiners of any state in which he chooses to practice.

59. This incident is going to follow plaintiff for the rest of his life and career.

## COUNT 1
## VIOLATION OF 42 U.S.C. §1983

60. Plaintiff hereby restates and incorporates by reference each of the allegations listed and contained above.

61. Defendants, under color of state law, denied plaintiff his due process rights when they arrested him without probable cause for serious felony sex crimes on March 20, 2009.

62. Defendants' actions resulted in a denial of plaintiff's property and liberty interests.

63. By causing plaintiff to be falsely arrested and prosecuted for criminal offenses which he had not committed, defendants violated plaintiff's rights under the search and seizure clause of the Fourth Amendment to the United States Constitution, and the due process clause of the Fourteenth Amendment to the United States Constitution.

64. Defendants intentionally or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff of his rights to due process and impeded the due course of justice, in

violation of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.SC. §1993.

65.   As a direct and proximate result of defendants' unconstitutional conduct, plaintiff sustained serious and substantial injury, for which he is entitled to redress from said defendants.

## COUNT 2
## CONSTITUTIONAL INVASION OF PRIVACY-
## FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS

66.   Plaintiff hereby restates and incorporates by reference each of the allegations contained in the above paragraphs.

67.   Defendants violated plaintiff's privacy by making unauthorized disclosures to the media and without privilege to do so.

68.   Defendants' actions violated plaintiff's constitutional privacy rights, pursuant to the First, Fourth, Fifth, and Fourteenth Amendments.

69.   As a result of defendants' violation of plaintiff's constitutional privacy rights, plaintiff has been injured, incurring significant compensatory damages, past, present, and future.

## COUNT 3:
## INVASION OF PRIVACY (§995.50, WIS. STATS.)

70.   Plaintiff hereby restates and incorporates by reference each of the allegations contained above.

71.   Defendants violated plaintiff's privacy by making unauthorized disclosures to the media and without privilege to do so.

72.   Defendants' actions violated plaintiff's constitutional privacy rights, pursuant to the First, Fourth, Fifth, and Fourteenth Amendments.

73.   As a result of defendants' violation of plaintiff's constitutional privacy rights, plaintiff has been injured, incurring significant compensatory damages, past, present, and future.

## COUNT 4:
## NEGLIGENCE

74.   Plaintiff hereby restates and incorporates by reference each of the allegations contained above.

75.   Defendants had a duty to conduct their police investigation non-negligently and accurately.

76.    Defendants breached that duty by, among other things, failing to review security video from the incident and failing to accurately record statements of witnesses.

77.    As a direct and proximate result of defendants' conduct, plaintiff sustained serious and substantial injury, for which he is entitled to redress from said defendants.

## COUNT 5:
## DEFAMATION

78.    Plaintiff hereby restates and incorporates by reference each of the allegations contained above.

79.    Defendants, either personally, or via *respondeat superior*, published or caused to be published false information about plaintiff.

80.    Defendants, either personally, or via *respondeat superior*, communicated by speech, conduct, or in writing to a person other than plaintiff the false statements

81.    Defendants, either personally, or via *respondeat superior*, published this information either knowing it was false or in reckless disregard of the truth or negligently failing to ascertain the truth or falsehood of the publication.

82.    The false published information included, among other things, accusations and allegations that plaintiff had committed a sexually assaultive crime.

83.    The publications were false and accused plaintiff of crimes and constitute defamation and defamation *per se* and was unprivileged.

84.    The communication tended to harm plaintiff's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

85.    Defendants, either personally, or via *respondeat superior*, communicated, among other things, that plaintiff was a serious sex offender, and caused by their conduct such false allegations to be published widely in the media, and on the internet.  Such accusations were false, and evidence of their falsehood was readily available prior to the publication.

86.    As a direct and proximate result of defendants' conduct, plaintiff sustained serious and substantial injury, for which he is entitled to redress from said defendants.

## COUNT 6:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87.    Plaintiff hereby restates and incorporates by reference each of the allegations contained above.

88.  Defendant Teri Roden intended to cause emotional distress to plaintiff by her conduct in arresting and charging plaintiff with serious sex crimes.

89.  Defendant Teri Roden's conduct was extreme and outrageous, by virtue of the fact that she leapt to conclusions, pressured an unstable individual to confabulate stories, believing a clearly emotionally unwell individual's (the alleged victim of the crime with which plaintiff was charged) statement without checking the available security video even though she was aware of the existence of the video and, in fact, took said video into custody; and disregarding or misrepresenting the statements of other witnesses to cast plaintiff in a more negative light.

90.  Defendant Teri Rodent's conduct was a cause in fact of plaintiff's emotional distress.

91.  Plaintiff suffered extreme emotional distress from defendant's conduct and the aftermath of defendant's conduct.

92.  Plaintiff suffered severe emotional distress, sleeplessness, depression, and suicidal ideation.

93.  Plaintiff ultimately had to drop out of school because he could not focus on his studies due to the constant stress of the false charges against him.

94.  Defendants other than Teri Roden are responsible for plaintiff's emotional distress by *respondeat superior*.

95.  As a direct and proximate result of defendants' conduct, plaintiff sustained serious and substantial injury, for which he is entitled to redress from said defendants.

## COUNT 7:
## FALSE IMPRISONMENT

96.  Plaintiff hereby restates and incorporates by reference each of the allegations contained above.

97.  Defendant Teri Roden, and other defendants by *respondeat superior,* acted to confine plaintiff within boundaries fixed by defendant.

98.  Defendants' actions directly and indirectly resulted in confinement of plaintiff.

99.  Plaintiff was conscious of the confinement and/or was harmed by it.

100.  Plaintiff was handcuffed and imprisoned and held in a disgusting jail cell for days, pending

release.

101.   As a direct and proximate result of defendants' conduct, plaintiff sustained serious and substantial injury, for which he is entitled to redress from said defendants.


WHEREFORE, plaintiff Travis Kranz, prays for relief as follows:

   (A) For claims asserted pursuant to 42 U.S.C. §1983:
       a.   Compensatory damages against defendants, jointly and severally, in an amount to be determined at trial;
       b.   Punitive damages against defendants, jointly and severally, in an amount to be determined at trial;
       c.   Plaintiff's attorney fees;
       d.   Plaintiff's costs and disbursements as taxable by law; and
       e.   Any other such relief as the court deems just and equitable;

   (B) For all other claims:
       a.   Compensatory damages in an amount to be determined at trial;
       b.   Plaintiff's costs and disbursements as taxable by law; and
       c.   Any other such relief as the court deems just and equitable.


**JURY DEMAND**

   Plaintiffs demand a trial by a jury of 12.


DATED this ___ day of May, 2010.

                            THE DOERFLER LAW FIRM, L.L.C.
                            Attorneys for the Defendant


                            By: _____
                                Christopher A. Doerfler
                                State Bar No. 1023515
                                1634 Cass St.
                                La Crosse, WI 54601
                                (608) 519-0459
                                (866) 884-5795 facsimile
                                *Attorneys for the Plaintiff*

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE COUNTY |
|---|---|---|

**TRAVIS KRANZ,**
      Plaintiff,

-vs-

**REQUEST FOR SUBSTITUTION OF JUDGE**

**CITY OF LA CROSSE,** a municipal entity;
**CITY OF LA CROSSE POLICE
DEPARTMENT,** a municipal agency;
**TERI RODEN,** an individual;
      Defendants.

**Case No:**    **2010CV480**
**Case Code: 30107** – Other Personal Injury

Amount claimed is greater is than $5,000.

Travis Kranz, through counsel, pursuant to Wis. Stat. §801.58 requests a substitution of judge in the above captioned matter. The judge to be substituted is the Hon. Todd Bjerke. Pursuant to Wis. Stat. §801.58 (1) this request is filed within sixty (60) days of the filing of the summons and complaint in this matter. The summons and complaint were filed on May 13, 2010.

DATED this 29th day of June, 2010.

THE DOERFLER LAW FIRM, L.L.C.
*Attorneys for the Plaintiff*

By: _____
    Christopher A. Doerfler
    State Bar No. 1023515
    1634 Cass St.
    La Crosse, WI 54601
    (608) 519-0459
    (866) 884-5795 facsimile

La Crosse County WI
**FILED**
JUN 29 2010
PAMELA RADTKE
CLERK OF COURTS

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE COUNTY |

**TRAVIS KRANZ,**
         Plaintiff,

-vs-

**CITY OF LA CROSSE,** a municipal entity;
**CITY OF LA CROSSE POLICE
DEPARTMENT,** a municipal agency;
**TERI RODEN,** an individual;
         Defendants.

**REQUEST FOR SUBSTITUTION OF
JUDGE**

**Case No:     2010CV480**
**Case Code: 30107 –** Other Personal Injury

Amount claimed is greater is than $5,000.

Travis Kranz, through counsel, pursuant to Wis. Stat. §801.58 requests a substitution of judge in the above captioned matter.  The judge to be substituted is the Hon. Todd Bjerke.  Pursuant to Wis. Stat. §801.58 (1) this request is filed within sixty (60) days of the filing of the summons and complaint in this matter.  The summons and complaint were filed on May 13, 2010.

DATED this ___ day of June, 2010.

THE DOERFLER LAW FIRM, L.L.C.
*Attorneys for the Plaintiff*

By: _____
Christopher A. Doerfler
State Bar No. 1023515
1634 Cass St.
La Crosse, WI 54601
(608) 519-0459
(866) 884-5795 facsimile

La Crosse County WI
**FILED**
JUN 29 2010
PAMELA RADTKE
CLERK OF COURTS

29 June 2010
Request granted.

STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY          *For Official Use Only*

| Travis Kranz vs. City of La Crosse, City of La Crosse Police Dept and Teri Roden | Application and Order for Specific Judicial Assignment | |
|---|---|---|
| Assignment Number: 2010SP005110 | Case No. 2010CV000480 | **FILED** 07-01-2010 **Clerk of Circuit Court La Crosse County WI** |

## Case Information

| Current Court Official Todd W Bjerke | Code 2246 | Branch No. 3 | | District No. 7 |
|---|---|---|---|---|
| Date Case Filed 05-13-2010 | Case Type Civil | Class Code and Description 30107 - Other-Personal Injury | | |

## Case Status Information

| Last Activity in Case | Date |
|---|---|
| Next Scheduled (or to be scheduled) Activity in Case   No scheduled or proposed activity. | Date |

☐ Jury Trial      ☐ Bench Trial   ☐ Post-Judgment Case   ☐ Other:

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

## Attorney/Party Information

Christopher A Doerfler
Attorney for Plaintiff
The Doerfler Law Firm LLC
1634 Cass St
La Crosse, WI 54601
608-519-0459

Teri Roden
Defendant
c/o City of La Crosse Police Dept
400 La Crosse St
La Crosse, WI 54601

City of La Crosse
Defendant
400 La Crosse St
La Crosse, WI 54601

City of La Crosse Police Dept
Defendant
400 La Crosse St
La Crosse, WI 54601

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

## Reason for Assignment Application

| Reason   Substitution Request By Plaintiff | Substitution Request Date 06-29-2010 |
|---|---|

STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY          *For Official Use Only*

| | |
|---|---|
| Travis Kranz vs. City of La Crosse, City of La Crosse Police Dept and Teri Roden | **Application and Order for Specific Judicial Assignment** |
| Assignment Number: 2010SP005110 | Case No. 2010CV000480 |

---

| Current Court Official Approval | Application Order and Order of Assignment |
|---|---|
| Application Prepared by: Pat Banegas | [X] **It is Ordered** the judge named below is assigned this case. [ ] This assignment is denied. |
| [X] Approved [ ] Denied (Explain): _____ _____ _____ By: _____ Electronically signed by Todd W. Bjerke _____ Current Court Official June 30, 2010 _____ Date | William D. Dyke Chief Judge, Seventh Judicial District By: Electronically signed by Patrick G. Brummond, District Court Administrator _____ Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice June 30, 2010 _____ Date |
| | Name of Judge Assigned: Elliott M Levine |

GF-168S(CCAP), 04/09 Application and Order for Specific Judicial Assignment          SCR 70, §§757.19, 801.58, Wisconsin Statutes
This form shall not be modified.  It may be supplemented with additional material.

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **LA CROSSE COUNTY**        *For Official Use Only*

Travis Kranz vs. City of La Crosse, City of La Crosse
Police Dept and Teri Roden

**Notice of Assignment
of Judge**
Case No. 2010CV000480

COURT ORIGINAL

The following judge has been assigned to this case:

Elliott M Levine
333 Vine St
La Crosse, WI  54601

Please Note:

- **All original court pleadings must be filed with the Clerk of Circuit Court for La Crosse County.**

- If assignment is to an out-of-county judge, copies shall be mailed to the assigned judge.

- All scheduling should be done by the assigned judge.

- Other: _____

BY THE COURT:

_____
Signature of Court Official

July 2, 2010
Date

Distribution:

| | Address | City | State | Zip | Personal Service | Mail/Phone Notice | Electronic Notice |
|---|---|---|---|---|---|---|---|
| Court Original | | | | | | | |
| Christopher A Doerfler | 1634 Cass St | La Crosse | WI | 54601 | | | |
| City of La Crosse | 400 La Crosse St | La Crosse | WI | 54601 | | | |
| City of La Crosse Police Dept | 400 La Crosse St | La Crosse | WI | 54601 | | 7/2 | |
| Teri Roden | c/o City of La Crosse Police Dept, 400 La Crosse St | La Crosse | WI | 54601 | | | |

GF-144(CCAP), 08/2007

This form shall not be modified.  It may be supplemented with additional material.

§ 801.59, Wisconsin Statutes

| STATE OF WISCONSIN | CIRCUIT COURT | LA CROSSE COUNTY | *For Official Use Only* |
|---|---|---|---|

Travis Kranz vs. City of La Crosse, City of La Crosse Police Dept and Teri Roden

**Notice of Hearing**

Case No. 2010CV000480

COURT ORIGINAL

This case is scheduled for: **Status conference**

| Date<br>09-02-2010 | Time<br>09:30 am | Location (Include Room Number)<br>Rm 3200, Courthouse & Law Enforcement Center<br>333 Vine St<br>La Crosse WI 54601 |
|---|---|---|
| Court Official<br>Elliott M Levine, Judge | | |
| Re<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

THIS WAS SET FROM A JUDICIAL ASSIGNMENT ORDER.

**If you require reasonable accommodations due to a disability, in order to participate in the court process, please call 608-785-9590 at least 10 working days prior to the scheduled court date. Please note that the court does not provide transportation.**

La Crosse County Circuit Court
Date: July 8, 2010

Distribution:

| | Address | City | State | Zip | Personal Service | Mail/Phone Notice | Electronic Notice |
|---|---|---|---|---|---|---|---|
| Court Original | | | | | | | |
| Christopher A Doerfler | 1634 Cass St | La Crosse | WI | 54601 | ___ | ___ | ___ |
| City of La Crosse | 400 La Crosse St | La Crosse | WI | 54601 | ___ | ___ | ___ |
| City of La Crosse Police Dept | 400 La Crosse St | La Crosse | WI | 54601 | ___ | ___ | ___ |
| Teri Roden | c/o City of La Crosse Police Dept, 400 La Crosse St | La Crosse | WI | 54601 | ___ | ___ | ___ |

GF-101(CCAP), 10/2009 Notice of Hearing

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE COUNTY**

TRAVIS KRANZ,

**AFFIDAVIT OF SERVICE**

Plaintiff,

Case No. 10-CV-480

-vs-

Case Code: 30107 – Other Personal Injury

CITY OF LACROSSE,

La Crosse County, WI
F I L E D

ET AL.,

JUL 1 5 2010

PAMELA RADTKE
CLERK OF COURTS

Defendants.

STATE OF WISCONSIN        )
                          )ss.
COUNTY OF LA CROSSE       )

I, Daniel L. Mitley, being first duly sworn on oath deposes and says as follows:

1.  That he is an adult resident of the State of Wisconsin and is not a party to the above-captioned action: and

2.  On July 09, 2010, at approximately 9:50 a.m., at, N9293 Mark Trial Holmen, Wisconsin, I duly served the defendant, by leaving with, Officer Teri Roden,  an authenticated copy of a Summons and Complaint, in the above-captioned case, copies of which are attached hereto,

3.  At the time of service, I did place upon my name and the date, leaving a true and correct copy thereof, and that the server knew  the person so served, to be the defendant (or other) mentioned and named therein.

Dated  this 9ᵗʰ day of  July  2010  at La Crosse, Wisconsin.

Daniel L. Mitley

Subscribed and sworn to before me
this  9  day of July  2010

Notary Public La Crosse County
My commission expires:  5-25-14

JENNIFER CORNWELL
Notary Public
State of Wisconsin

**STATE OF WISCONSIN        CIRCUIT COURT        LA CROSSE COUNTY**

TRAVIS KRANZ,

               Plaintiff,

-vs-

CITY OF LACROSSE,

ET AL.,

         Defendants.

### AFFIDAVIT OF SERVICE

Case No. 10-CV-480
Case Code: 30107 – Other Personal Injury

La Crosse County, WI
F I L E D

JUL 15 2010

PAMELA RADTKE
CLERK OF COURTS

| | |
|---|---|
| STATE OF WISCONSIN | ) |
| | )ss. |
| COUNTY OF LA CROSSE | ) |

I, Daniel L. Mitley, being first duly sworn on oath deposes and says as follows:

1. That he is an adult resident of the State of Wisconsin and is not a party to the above-captioned action: and

2. On June 28, 2010, at approximately 11:15 a.m., at, the La Crosse Police Department 400 La Crosse Street La Crosse, Wisconsin, I duly served the defendant, by leaving with, Lt. Ray Serres, (who stated that he was the Shift Commander and was allowed to accept service on behalf of the Chief of Police Ed Kondracki),  an authenticated copy of a Summons and Complaint, in the above-captioned case, copies of which are attached hereto,

3. At the time of service, I did place upon my name and the date, leaving a true and correct copy thereof, and that the server knew  the person so served, to be the defendant (or other) mentioned and named therein.

Dated  this 9ᵗ day of July  2010, at La Crosse, Wisconsin.

Daniel L. Mitley

Subscribed and sworn to before me
this 9 day of July  2010

Notary Public La Crosse County
My commission expires: 5-25-14

JENNIFER CORNWELL
Notary Public
State of Wisconsin

**STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY**

TRAVIS KRANZ,

**AFFIDAVIT OF SERVICE**

Plaintiff,

Case No. 10-CV-480
Case Code: 30107 – Other Personal Injury

-vs-

CITY OF LACROSSE,

La Crosse County, WI
FILED

ET AL.,

JUL 15 2010

PAMELA RADTKE
CLERK OF COURTS

Defendants.

| STATE OF WISCONSIN | ) |
| | )ss. |
| COUNTY OF LA CROSSE | ) |

I, Daniel L. Mitley, being first duly sworn on oath deposes and says as follows:

1.  That he is an adult resident of the State of Wisconsin and is not a party to the above-captioned action: and

2.  On June 28, 2010, at approximately 11:20 a.m., at, the La Crosse City Clerk's Office, 400 La Crosse Street La Crosse, Wisconsin, I duly served the defendant, by leaving with, Deputy City Clerk Nikki M. Elsen, (who stated to me that she is allowed to accept service on behalf of the City Clerk in her absence) an authenticated copy of a Summons and Complaint, in the above-captioned case, copies of which are attached hereto,

3.  At the time of service, I did place upon my name and the date, leaving a true and correct copy thereof, and that the server knew the person so served, to be the defendant (or other) mentioned and named therein.

Dated this 7ᵗʰ day of July 2010, at La Crosse, Wisconsin.

Daniel L. Mitley

Subscribed and sworn to before me
this 9 day of July 2010

Notary Public La Crosse County
My commission expires: 5-25-14

JENNIFER CORNWELL
Notary Public
State of Wisconsin

**STATE OF WISCONSIN        CIRCUIT COURT        LA CROSSE COUNTY**

TRAVIS KRANZ,

                    Plaintiff,

-vs-

CITY OF LACROSSE,

ET AL.,

                Defendants.

**AFFIDAVIT OF SERVICE**

Case No. 10-CV-480
Case Code: 30107 – Other Personal Injury

La Crosse County, WI
F I L E D

JUL 1 5 2010

PAMELA RADTKE
CLERK OF COURTS

| | |
|---|---|
| STATE OF WISCONSIN | ) |
| | )ss. |
| COUNTY OF LA CROSSE | ) |

I, Daniel L. Mitley, being first duly sworn on oath deposes and says as follows:

1. That he is an adult resident of the State of Wisconsin and is not a party to the above-captioned action: and
2. On June 28, 2010, at approximately 11:30 a.m., at, the La Crosse City Attorney's Office, 400 La Crosse Street La Crosse, Wisconsin, I duly served the defendant, by leaving with, Stephen Matty, City Attorney for the City of La Crosse, an authenticated copy of a Summons and Complaint, in the above-captioned case, copies of which are attached hereto,
3. At the time of service, I did place upon my name and the date, leaving a true and correct copy thereof, and that the server knew the person so served, to be the defendant (or other) mentioned and named therein.

Dated this 9ᵗ day of July  2010, at La Crosse, Wisconsin.

Daniel L. Mitley

Subscribed and sworn to before me
this ___ day of July  2010

Notary Public La Crosse County
My commission expires: 5-25-14

JENNIFER CORNWELL
Notary Public
State of Wisconsin